UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO: 3:08-CV-569-RJC-DCK

| | |
|---|---|
| ASSURANT, INC., | ) |
| | ) MEMORANDUM AND |
| Plaintiff, | ) RECOMMENDATION |
| v. | ) |
| | ) |
| MEDASSURANT, INC., | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Dismiss Defendant's Amended Counterclaims" (Document No. 23) filed by Assurant, Inc. ("Plaintiff"). The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having fully considered the record, including the parties' briefs (Document Nos. 23, 24, 26, 27), the undersigned recommends that the motion to dismiss be **denied as moot**, based upon the following proposed findings of fact and conclusions of law:

After the Defendant filed its "Amended Counterclaim" (Document No. 22), the Plaintiff moved to dismiss those claims. (Document No. 23). Subsequently, Defendant sought and was granted permission to amend those claims. (Document Nos. 29, 36).[1]

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. *Accord Young v. City of*

---

[1]The undersigned notes that the Defendant has amended twice, and that both times, a motion to dismiss by the Plaintiff was pending. While dilatory motive may provide grounds to deny a motion to amend, Rule 15 is quite permissive regarding the amending of pleadings. Rule 15 Fed.R.Civ.P. 15(a).

*Mount Ranier*, 238 F. 3d 567, 573 (4th Cir. 2001) ("[t]he general rule ....is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect); *Colin v. Marconi Commerce Systems Employees' Retirement Plan*, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motion to dismiss was rendered moot by the filing of plaintiff's second amended complaint); *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

"A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed. 1990); *and see, e.g., Brown v. Sikora and Associates, Inc.*, 2008 WL 1751934, *3 (4th Cir. (S.C.)); *Atlantic Skanska, Inc.*, 2007 WL 3224985, *4 (W.D.N.C.); *Hi-Tech, Inc. v. Rising*, 2006 WL 1966663, *3 (W.D.N.C. July 11, 2006).

Therefore, because the Defendant has amended its counterclaims, thereby superseding the previous pleading, the undersigned respectfully recommends that the Plaintiff's Motion to Dismiss (Document No. 23) be denied as moot. Plaintiff may of course file a motion to dismiss regarding the newly amended counterclaims.

**IT IS, THEREFORE, RECOMMENDED** that the Plaintiff's "Motion to Dismiss Defendant's Counterclaim" (Document No. 23) should be **DENIED as moot without prejudice.**

### Notice of Appeal Rights

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions law and the recommendations contained in this

memorandum must be filed within ten (10) days after service of same. *Snyder v. Ridenour*, 889 F.2d 1363, 1365 (4th Cir.1989); *United States v. Rice*, 741 F.Supp. 101, 102 (W.D.N.C.1990). Failure to file objections to this memorandum with the District Court constitutes a waiver of the right to *de novo* review by the District Court, *Snyder*, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir.1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.1984).

Signed: October 6, 2009

David C. Keesler
United States Magistrate Judge